CASE 14—PETITION ORDINARY—JUNE 6.

# Shropshire, &c., vs. Pullen.

APPEAL FROM BOURBON CIRCUIT COURT.

1. The sheriff by law was authorized to sell so much land, *and only so much*, as was requisite to satisfy the executions under which he made the sale; and, having sold more land than was necessary to satisfy the same, he exceeded his power, and the sale was void. This sale might have been quashed by motion, or set aside by suit.

2. When a sheriff transcends his powers in selling land under execution, and the sale is quashed or set aside, the commissions received and retained by him for making such sale may be recovered in an action against him. The statute of limitations against such action will not commence to run until the sale is set aside or quashed.

ALEXANDER & TURNEY,                                    For Appellants,

CITED—

Rev. Stat., sec. 2, art. 13, chap. 36.

15 B. Mon., 473; 17 B. Mon., 559.

1 Dana, 185; 3 Dana, 204.

R. T. DAVIS,                                    For Appellee,

CITED—

1 *Sand.* (*N. Y. S. C.*), 98; *Argall vs. Bryant.*

2 *Stroble* (*S. C.*), 344; *Sinclair vs. Barr.*

*Littell's S. C.*, 234; 5 *Littell*, 317.

5 *Littell*, 221; *Smith vs. Morrow.*

6 *J. J. M.*, 479; *Commonwealth vs. McChord.*

1 *Dana*, 14; *Norton, &c., vs. Sanders, &c.*

CHIEF JUSTICE PETERS DELIVERED THE OPINION OF THE COURT:

It appears, that, on the 3d of May, 1862, appellee was sheriff of Bourbon county, and on that day three executions were in his hands, as sheriff as aforesaid, against John P. Shropshire, &c.—one in favor of John R. Ferguson for four thousand two hundred and sixty-four dollars and sixty-two cents, with interest from the 13th of October, 1861, and one dollar and fifty cents costs; another in favor of same for seven thousand five hundred and twenty-two dollars and fifty-four cents, with interest from the day last named, and one dollar and fifty cents costs; and one in favor of Wm. W. Allen for about four thousand dollars—all of which were, by said Pullen, levied on a tract of land, the property of said appellant, Shropshire, in Bourbon county, containing four hundred and six acres; and, on the 2d day of June, 1862, he sold the whole tract of four hundred and six acres at forty-eight dollars per acre, which produced an excess of more than three hundred dollars over and above the sum required to satisfy said executions. The sale was for cash in hand.

In December, 1862, the president, directors, &c., of the Northern Bank of Kentucky, being judgment creditors of appellant Shropshire, filed their petition in equity against him and Thos. and Joseph Mitchell, the purchasers at the

sheriff's sale, to set aside said sale, on the ground that the sheriff had exceeded his authority by selling more land than was necessary to pay the sums due on said executions. At the April term, 1863, of the Bourbon circuit court, said sale was set aside, by consent of the parties, and the master in chancery ordered to sell the whole four hundred and six acres, and apply so much of the proceeds as should be required for that purpose to the payment of the debt of Foreman, Shropshire's vendor, who had a lien on the land therefor, it being the unpaid purchase price; next, to pay the Mitchells the amount they had paid Pullen, by virtue of the sale made by him, and which was applied to the satisfaction of the executions of Ferguson and Allen; and the residue to be applied to the payment of the debt to the bank.

Pullen, as is alleged, having retained of the money received of the Mitchells, by virtue of the sale of the land made by him, about five hundred dollars for his commissions thereon, after that sale was set aside, Shropshire assigned to appellant, Cantrill, a creditor, his right to reclaim the money retained by Pullen as his commissions, and this action was brought on the 22d of July, 1867, by Shropshire and Cantrill, to recover said amounts from Pullen. He resisted the relief sought on the ground—1st. That he was by law entitled to the amount retained by him for his commissions; and 2d. That, even if he was not entitled thereto, the demand was barred by time, and relied upon the statute of limitations.

The law and facts having been submitted to the circuit judge, he dismissed appellant's petition, and they have appealed.*

Appellee, by law, was authorized to sell so much land, and *only* so much, as was requisite to satisfy the execu-

tions under which he made the sale; and having sold more land than was necessary to satisfy the same, he exceeded his power, and the sale was void. This sale might have been quashed, no doubt, by the court having control of the execution, by a motion brought for that purpose, *within reasonable time*, by any one interested; but the suit in equity, before referred to, was brought for that purpose in about six months after said sale; and by consent, the sale was set aside, thereby accomplishing all that a motion for the same purpose could have done.

Having transcended his authority, and done that which he had no power to do, it must result, as a necessary consequence, that the law would withhold from him, or not allow him to receive compensation by way of commission, or in any other way, for the exercise of an *unauthorized* power; and if he should attempt to apply any part of the money received by him through that means to his own use, the law would require him to restore it.

The only remaining question is, are appellants barred by the statute of limitations?

The better opinion seems to be, that before an action could have been maintained against appellee for the money retained by him for his commissions, the sale should have been quashed or set aside. Although it was void, still all parties interested might have made a conventional confirmation of it; and unless steps are taken for the purpose, and the sale quashed within a reasonable time, it would be presumed that those interested had acquiesced in it, and the same would not afterwards be disturbed; so that the statute would not commence to run until the sale was, by a proceeding for that purpose, set aside.

In the case at bar, the action was brought within less than five years after the sale was set aside, and appellant's petition was improperly dismissed; wherefore, the judgment is *reversed*, and the cause remanded, with directions to award a new trial and for further proceedings consistent herewith.