*Hardin, for appellant.*
*Dunlap, Durham, for appellee.*

---

A. WILE ET UX *v.* SWEENEY & TAYLOR.

Judicial Sales—Purchaser—Interest on Void Sale—Sheriff's Costs and Commission.

A purchaser at a void judicial sale has no right to interest on his purchase. The sheriff cannot collect cost or commission on such sale.

Judgments—Modification.

The Court of Appeals cannot modify a judgment at a subsequent term of the court.

Rents—Improvements and Taxes.

A purchaser at a void judicial sale who has obtained the possession of the land, should be credited by all sums paid out for taxes, repairs

and improvements, and charged with a fair rental value of the property looking to its condition at the time taken, and not its enhanced value by reason of the improvements.

APPEAL FROM DAVIESS CIRCUIT COURT.

September 20, 1871.

OPINION OF THE COURT BY JUDGE PRYOR:

The judgment in this case is based upon the commissioner's report adjusting and settling the accounts between the parties. The questions to be determined by this court arise upon the exceptions filed by the appellant to the report. Upon an appeal heretofore taken in this case, an opinion was rendered, by which the purchaser, at the sale under the execution against Wile was allowed ten per cent interest on his purchase. This sale was declared void, and there had been no other sale of the property by which the purchaser became entitled to this interest. The sale passed no title, and the sheriff conducting the sale was entitled to no costs (Shropshire v. Pullen, 3 Bush 512). This court can not, however, modify a judgment of the court rendered at a previous term, although the ten per cent should not have been allowed. The commissioner's report is defective in many particulars.

The appellees have been allowed by the commissioner large sums of moneys for insurance when there is no proof showing that Caroline Wile ever authorized the insurance or was benefited by the policies in any way. These amounts should not have been allowed.

The credit given appellees for improvements is for too much. There is no proof showing that appellees paid the $500 for repairs to which the witness alluded. The commissioner, in making an estimate of the purchase upon which this ten per cent interest is to be allowed, should exclude therefrom all the costs accruing by reason of the void sale by sheriff and commissioner.

The case should again go to the commissioner with directions not to exclude the costs in his calculation of the purchase accruing by reason of this void sale.

The appellees should be credited by all sums actually paid out by them for taxes, repairs and improvements, but no interest will be charged by them except for the taxes. They should also be

charged with a fair rental value of the property, looking to its condition at the time the appellants took possession, and not its enhanced value by reason of the improvements if any were made. If the appellees have rented or received rents more than the fair value of the property in its condition when they received it they must account for the rents so received and the commissioner will allow interest on rents. They are liable for rent whilst they have the property in their possession or under their control. The sum of money deductive from the rent of Jones should not be allowed appellees if their object in making this deduction was to deprive Mrs. Wile of the title or possession of the property. The commissioner should hear additional proof, if offered, upon all the questions involved in his requisition. The cause is reversed, with directions to the court below to set aside the judgment and the order confirming the commissioner's report and refer the case again to the commissioner with directions to settle and adjust the accounts between the parties as herein indicated.

*Bush,* for appellant.
*Sweeney & Stuart,* for appellee.